## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cr-60276-BB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

RALPH RAMPULLA,

      Defendant.

_____/

### <u>ORDER</u>

**THIS CAUSE** is before the Court upon Defendant Ralph Rampulla's Expedited Motion for Order Reducing Sentence or Modifying Judgment to Allow Remainder of Sentence to Be Served on Home Confinement Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. [190] ("Motion"). The Government filed a Response in Opposition, ECF No. [193] ("Response"), to which Defendant did not file a Reply. The Court has reviewed the Motion, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

### I.      BACKGROUND

On June 3, 2019, Defendant was sentenced to 33 months' imprisonment followed by three years' supervised release based on his conviction for conspiracy to receive kickbacks in violation of 18 U.S.C. § 371 (Count I). ECF Nos. [168] and [171]. He is currently housed at FCI Coleman low. *See* ECF No. [190] at 1.

On May 18, 2020, Defendant filed the instant Motion requesting that the Court enter an Order reducing his sentence to time served or, in the alternative, modifying his judgment to allow

the remainder of his sentence to be served on home confinement in light of the current coronavirus ("COVID-19") pandemic. *Id.* He represents that he is "uniquely susceptible to contracting the fatal disease" and there is a risk of "imminent danger posed to [his] health." *Id.* at 2. He states that he suffers from a "severe respiratory disease" that previously had been "life threatening" and which took him four months to recover, and he can provide care for his aging father, who is a cancer survivor and lives alone without necessary assistance. *Id.* The Government opposes Defendant's request. *See* ECF No. [193].

SARS-CoV-2, the novel coronavirus, and COVID-19, the disease it causes, have spread throughout the world and are impacting every person's life. The United States is currently reporting more confirmed cases of COVID-19 and deaths as a result than any other country, with more than 1,827,000 confirmed cases and over 106,000 reported deaths as of June 3, 2020.[1] The COVID-19 pandemic poses a serious danger to society at large, and especially to at-risk inmates. In addition, COVID-19 poses a higher risk to incarcerated individuals who are unable to practice health precautions available to the general public, such as social distancing.

As a result of this dynamic, unpredictable, and unprecedented situation, Attorney General William Barr has urged the Bureau of Prisons ("BOP") to move vulnerable inmates out of institutions and to home confinement, where appropriate. *See* Mem. from Attorney Gen. William Barr for Dir. of Bureau of Prisons re: Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (Apr. 3, 2020), https://www.justice.gov/file/1266661/download ("Memorandum"). The Memorandum identifies several facilities that have been particularly affected and which should be given priority in the BOP's consideration of implementing home confinement, including FCI Oakdale, FCI Danbury, and FCI Elkton. *Id.* at 1. In addition, the

---

[1] *Cases of Coronavirus Disease (COVID-19) in the U.S.*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last updated June 3, 2020).

Attorney General has made an express finding that extant emergency conditions are materially affecting the functioning of the BOP, and directs that the BOP immediately maximize appropriate transfers to home confinement of all appropriate inmates at the specifically named facilities, and other similarly situated facilities where COVID-19 is materially affecting operations. *Id.* The Memorandum further directs the BOP to review all inmates who have COVID-19 risk factors as established by the Centers for Disease Control and Prevention ("CDC") to determine suitability for home confinement, while emphasizing the importance of protecting the public from individuals who may pose a danger to society, and recognizing the need to prevent over-burdening law enforcement with "the indiscriminate release of thousands of prisoners onto the streets without any verification that those prisoners will follow the laws when they are released . . . and that they will not return to their old ways as soon as they walk through the prison gates." *Id.* at 2-3. The Memorandum also stresses the need for careful individualized determinations regarding the propriety of releasing any given inmate and does not encourage indiscriminate release. *Id.* at 3.

## II.   DISCUSSION

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, No. 19-12078, 2020 WL 897402, at *2 (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, No. 19-11691, 2020 WL 398708, at *4 (11th Cir. Jan. 23, 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Defendant seeks relief under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), which provides:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>>
>> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Under the relevant Sentencing Guidelines policy statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent

they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a

reduction." U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). The

Sentencing Guidelines add that the Court should reduce a sentence only if the "defendant is not a

danger to the safety of any other person or to the community." *Id.*

> Accordingly,

> Section 3582 sets out the order in which this Court should analyze a criminal
> defendant's entitlement to a sentencing reduction. *First*, when the defendant brings
> the motion himself, the Court must ascertain whether he "has fully exhausted all
> administrative rights to appeal a failure of the Bureau of Prisons to bring a motion
> on the defendant's behalf or [whether there has been a] lapse of 30 days from the
> receipt of such a request by the warden of the defendant's facility, whichever is
> earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors
> set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the
> Court should turn to the "extraordinary and compelling reasons" test, as outlined in
> U.S.S.G. § 1B1.13 cmt. n.1. And *fourth*, the Court should determine whether the
> defendant poses a "danger to the safety of any other person or to the community,
> as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, No. 09-60184-CR, 2020 WL 1865771, at *2 (S.D. Fla. Apr. 14, 2020).

Thus, in order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find

that Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant

§ 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate

release in this case; and (4) determine that Defendant is not a danger to the community. Moreover,

Defendant bears the burden of establishing that compassionate release is warranted. *See United

States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the

§ 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted,

but that, even where a defendant satisfies this burden, "the district court still retains discretion to

determine whether a sentence reduction is warranted").

Defendant's Motion requests that his sentence be reduced to time served or that, alternatively, he be released to home confinement to serve the remainder of his sentence. His request is based on his alleged underlying medical conditions and his desire to care for his father. The Government opposes, arguing that the BOP has modified its operating procedures in order to effectively respond to the COVID-19 pandemic and that it has the capacity to properly address any outbreaks among inmates housed in federal facilities. ECF No. [193]. Additionally, it contends that, regarding Defendant's alleged 2013 diagnosis for "severe respiratory disease," "there is no indication in Defendant's BOP medical records that Defendant reported this episode to the medical staff at the prison at intake. Defendant also did not report the episode to the Pre-Trial Services officer. The PSR does not include any mention of a serious respiratory illness suffered by Defendant." *Id.* at 7.[2] Further, the Government maintains that Defendant has failed to exhaust his administrative remedies, he does not present extraordinary and compelling reasons to justify a sentence reduction, he has not met his burden to warrant a reduction in light of the § 3553(a) factors, and the Court lacks authority to direct the BOP to transfer him to home confinement. *Id.* at 10.

As an initial matter, the Motion represents that Defendant submitted a petition for home release to the Warden on April 22, 2020, which was denied. ECF No. [190]. He filed an appeal of the Warden's decision on May 7, 2020, but the Motion does not state the results of the appeal. Further, he filed the instant Motion on May 18, 2020. Thus, at the time Defendant filed the Motion, he had failed to *fully* exhaust his administrative remedies and less than thirty days had passed since he filed the petition. This alone is a sufficient basis to deny the Motion. However, because over

---

[2] The Government filed Defendant's BOP medical records under seal, *see* ECF No. [194]. These records do not reflect a diagnosis of "severe respiratory disease," a history of respiratory issues, or a prior episode of hospitalization related to a respiratory disease.

thirty days have lapsed since he filed the petition, the Court will assume for purposes of analysis that Defendant had satisfied the initial step in seeking relief under section 3582. Nonetheless, as explained below, Defendant has failed to demonstrate that the applicable § 3553(a) factors weigh in favor of a sentence modification or that extraordinary and compelling circumstances exist.

The applicable § 3553(a) factors include, among others: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed — (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). At the time of sentencing, the Court concluded that a term of imprisonment of 33 months was appropriate in this case in light of these § 3553(a) considerations. To date, Defendant has served approximately 12 months of that sentence. Moreover, aside from his medical conditions, which Defendant does not support with documentation, Defendant has not shown further bases to persuade the Court that the sentence imposed should be modified based upon the factors set forth in § 3553(a). *See United States v. Post*, No. 15-cr-80055, 2020 WL 2062185, at \*2 (S.D. Fla. Apr. 29, 2020) (noting "that much of the information that [the defendant] provide[d] in his Motion was before the Court at the time of his sentencing," and the Court imposed an appropriate sentence considering this information); *United States v. Zamor*, No. 17-20353-CR, 2020 WL 2062346, at \*2 (S.D. Fla. Apr. 29, 2020) ("Crucially, [the defendant] has completed less than 40% of this sentence, and the applicable 18 U.S.C. § 3553(a) factors . . . do not warrant [his] release after serving less than half of his sentence."); *United States v. Rodriguez-Orejuela*, No. 03-cr-20774, 2020 WL 2050434, at \*7 (S.D. Fla. Apr. 28, 2020) (noting that, in weighing the sentencing factors, "the Court's analysis is virtually unchanged from thirteen years ago."). Indeed, even though

Defendant represents that his elderly father lives alone and requires care, Defendant presents no evidence that this individual requires his specific assistance and cannot be cared for without him during this time. In fact, the Government notes that Defendant has a sister who resides in Florida, ECF No. [193] at 22, and Defendant's expressed reason that he is "uniquely positioned to take care of his father" is that he is less than three hours away from FCI Coleman. ECF No. [190] at 20. As such, the Court concludes that a modification of Defendant's sentence is unwarranted at this time.

Additionally, with regard to the "extraordinary and compelling reasons" test, Defendant states that he is "uniquely susceptible to contracting the fatal disease" and there is a "risk of imminent danger posed" to his health, ECF No. [190] at 2. He contends that he suffers from "severe respiratory disease." *Id.* CDC guidance indicates that individuals with the following health conditions are at a higher risk of contracting severe illness due to COVID-19: people with moderate to severe asthma, people with chronic lung disease, people with diabetes, people with serious heart conditions, people with chronic kidney disease, people with severe obesity, people with chronic liver disease, people who are immunocompromised, people over the age of sixty five, and people who live in a nursing home or long-term care facility.[3] Defendant has not provided medical documentation or reports concerning his illness, its duration and nature, lasting effects, and what treatments he is or is not receiving. Notably, the medical records submitted by the Government do not reflect that the Defendant suffers from a severe respiratory disease or a respiratory condition. *See* ECF No. [194-1]. Relatedly, Defendant is in his early forties, and he does he allege that any such ailment is terminal or that it substantially diminishes his ability to provide self-care within the correctional facility environment.

---

[3] *Groups at Higher Risk for Severe Illness*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last updated May 14, 2020).

The Court is sympathetic to Defendant's health condition and his concerns regarding COVID-19 outbreaks in prison facilities. However, the BOP website indicates that at FCI Coleman low where Defendant is incarcerated, there are only two active cases involving the virus, both of which involve staff members but no inmates.[4] Defendant does not allege that he has been exposed to any individuals with COVID-19. Defendant also does not persuade the Court that current procedures in place or resources available at FCI Coleman are insufficient to protect him and other at-risk individuals. Likewise, Defendant does not allege that his health conditions are deteriorating. Additionally, "the BOP Director has not found COVID-19 alone to be a basis for compassionate release." *United States v. Harris*, No. 2:12-cr-140-FtM-29DNF, 2020 WL 1969951, at *2 (M.D. Fla. Apr. 24, 2020) (citing *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.")); *see also United States v. Kelly*, No. 2:03-cr-126-FtM-29, 2020 WL 2039726, at *1 (M.D. Fla. Apr. 28, 2020) (The "defendant does not allege any extraordinary or compelling circumstances to support compassionate release."). Therefore, Defendant has not met his burden that extraordinary and compelling reasons exist to support his request for compassionate release or sentence reduction.[5]

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [190]**, is **DENIED**.

---

[4] *COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited June 3, 2020).

[5] Because Defendant's Motion fails to establish any extraordinary and compelling circumstances warranting his release to home confinement, the Court does not need to address the final consideration of whether Defendant poses a danger to the safety of others or to the community under to § 3142(g).

Case No. 18-cr-60276-BB

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 4, 2020.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of record